UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 90's Minneapolis, LLC, a Minnesota limited liability company, d/b/a Gay 90's, <br><br> Plaintiff, <br><br> vs. <br><br> Jamie L. Olsen, an individual, <br><br> Defendant. | Civil Action No. _____ <br> Judge: _____ <br><br> **COMPLAINT** <br> **(Jury Trial Demanded)** |

COMES NOW, Plaintiff 90's Minneapolis, LLC d/b/a Gay 90's as and for its Complaint against Defendant Jamie L. Olsen, states and alleges as follows:

## PARTIES

1. Plaintiff 90's Minneapolis, LLC d/b/a Gay 90's (hereinafter "Gay 90's") is a limited liability company organized under the laws of the State of Minnesota with a registered office address of 100 South Fifth Street, Suite 1075, Minneapolis, Minnesota 55402.

2. Defendant Jamie L. Olsen (hereinafter "Olsen") is an individual residing at 3252 Park Avenue South, Minneapolis, Minnesota 55407.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367. The claims

alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, Minn. Stat. § 325D.44, *et seq.* and Minnesota common law.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the parties reside in this Court's district.

## FACTS

5. Since at least as early as 1996, Gay 90's has used in commerce the mark LADIES OF LA FEMME in connection with entertainment services, including performances in which the performer wears clothing associated with a gender different from the performer's gender (hereinafter the "Entertainment Services").

6. The LADIES OF LA FEMME mark is inherently distinctive as a trademark for the Entertainment Services.

7. Olsen was a performer at Gay 90's, including doing performances in connection with the Entertainment Services under the LADIES OF LA FEMME mark.

8. Without Gay 90's knowledge or consent, on August 26, 2015, Olsen filed with the Minnesota Secretary of State a name reservation for LADIES OF LAFEMME.

9. In or about October 2015, Olsen ceased doing performances at Gay 90's.

10. After Olsen stopped performing at Gay 90's, Olsen continued to market, promote and otherwise use the LADIES OF LA FEMME mark in connection with Entertainment Services.

11. Upon information and belief, Olsen cannot claim a date of first use for the LADIES OF LA FEMME mark prior to 1996.

12. The LADIES OF LA FEMME mark emanates from the La Femme Show Lounge in Gay 90's.

13. Gay 90's spends a considerable amount of time and money to promote its LADIES OF LA FEMME mark.

14. Gay 90's has an established history in Minnesota having conducted business as the Gay 90's since the 1960's.

15. The LADIES OF LA FEMME performances have been noted as a "draw" for consumers to the establishment and the "most famous" aspect of Gay 90's.

16. While a performer at Gay 90's, Olsen stated in a *City Pages* article regarding the history of Gay 90's that "[e]verybody that does drag wants to work in the [Gay] 90's. Not only in the Twin Cities, but other states as well. . . . We put on a professional show and our entertainers are some of the most well-known and have competed nationally."

17. Accordingly, the consuming public has come to recognize Gay 90's as the source of Entertainment Services and closely related services offered under the LADIES OF LA FEMME mark.

18. Olsen's mark for his Entertainment Services is identical to Gay 90's LADIES OF LA FEMME mark.

19. Upon information and belief, Gay 90's and Olsen target the same class of consumer.

20. Upon information and belief, Olsen markets his Entertainment Services under the LADIES OF LA FEMME mark in the same channels of trade used by Gay 90's to market its Entertainment Services.

21. Olsen's use of the LADIES OF LA FEMME mark in connection with his Entertainment Services is likely to cause confusion, mistake or deception. Consumers are likely to mistakenly believe that the Entertainment Services Olsen offers under the LADIES OF LA FEMME mark are sponsored, endorsed, or approved by Gay 90's, or are in some other way affiliated, connected, or associated with Gay 90's, all to the detriment of Gay 90's.

22. Without Gay 90's permission, authorization, approval or consent, and, upon information and belief, with actual knowledge of Gay 90's prior rights in its LADIES OF LA FEMME trademark, Olsen commenced use of the exact same mark in connection with Entertainment Services.

23. Despite Gay 90's objection, Olsen continues to use Gay 90's LADIES OF LA FEMME mark in connection with Entertainment Services.

## COUNT I
### Federal Unfair Competition
### Lanham Act § 43(a), 15 U.S.C. § 1125(a)

24. Gay 90's restates and re-alleges the statements and allegations set forth in the above Paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. Olsen's unauthorized use of LADIES OF LA FEMME in connection with Entertainment Services is a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact.

26. Olsen's unauthorized use of LADIES OF LA FEMME in connection with Entertainment Services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Olsen's LADIES OF LA FEMME with Gay 90's, or as to the origin, sponsorship, or approval of Olsen's Entertainment Services or commercial activities by Gay 90's.

27. Olsen's unlawful actions have caused, and will continue to cause, Gay 90's irreparable harm unless enjoined.

28. Olsen has profited from his unlawful actions and has been unjustly enriched to the detriment of Gay 90's. Olsen's unlawful actions have caused Gay 90's monetary damage in an amount to be determined at trial.

## COUNT II
### Minnesota Deceptive Trade Practices Act
### Minn. Stat. § 325D.44, *et seq.*

29. Gay 90's restates and re-alleges the statements and allegations set forth in the above Paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. Olsen's unauthorized use of the LADIES OF LA FEMME mark in connection with Entertainment Services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Olsen's LADIES OF LA FEMME with Gay 90's, or as to the origin, sponsorship, or approval of Olsen's Entertainment Services or commercial activities by Gay 90's and constitutes unfair and deceptive trade practices under the Deceptive Trade Practices Act of the State of Minnesota.

31. Olsen's unlawful actions have caused, and will continue to cause, Gay 90's irreparable harm unless enjoined.

32. Olsen has profited from his unlawful actions and has been unjustly enriched to the detriment of Gay 90's. Olsen's unlawful actions have caused Gay 90's monetary damage in an amount to be determined at trial.

## COUNT III
### Common Law Unfair Competition

33. Gay 90's restates and re-alleges the statements and allegations set forth in the above Paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. Olsen's unauthorized use of the LADIES OF LA FEMME mark in connection with Entertainment Services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Olsen's LADIES OF LA FEMME with Gay 90's, or as to the origin, sponsorship, or approval of Olsen's Entertainment Services or commercial activities by Gay 90's and constitutes common law unfair competition under the laws of the State of Minnesota.

35. Olsen's unlawful actions have caused, and will continue to cause, Gay 90's irreparable harm unless enjoined.

36. Olsen has profited from his unlawful actions and has been unjustly enriched to the detriment of Gay 90's. Olsen's unlawful actions have caused Gay 90's monetary damage in an amount to be determined at trial.

**WHEREFORE**, Gay 90's prays that the Court enter judgment:

1. In favor of Gay 90's and against Olsen on all of Gay 90's claims;

2. Permanently enjoining and restraining Olsen and his companies, subsidiaries, affiliates, sister companies, related companies, officers, members, agents, employees, contractors, heirs, successors, assigns, attorneys, and all others in active concert or participation with Olsen from:

   A. Doing business under the name LADIES OF LA FEMME or any other confusingly similar name;

B. Using the mark LADIES OF LA FEMME or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name component or otherwise, to market, advertise, or identify goods and services not produced or authorized by Gay 90's;

C. Unfairly competing with Gay 90's in any manner whatsoever;

D. Causing likelihood of confusion or injury to the business reputation of the distinctiveness of Gay 90's LADIES OF LA FEMME mark; and

E. Committing any other act that infringes Gay 90's LADIES OF LA FEMME mark or constitutes an act of trademark or service mark infringement, contributory infringement, or unfair competition under federal common law or Minnesota state law.

3. Requiring Olsen to deliver up, or cause to be delivered up, for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and all other materials in Olsen's possession, custody or control, including but not limited to websites and Facebook pages, that infringe Gay 90's LADIES OF LA FEMME mark;

4. Requiring Olsen to cancel his name reservation with the Minnesota Secretary of State for LADIES OF LAFEMME;

5. Requiring Olsen to account for and pay over to Gay 90's the amount of Gay 90's damages pursuant to 15 U.S.C. § 1117;

6. Requiring Olsen to account for and pay over to Gay 90's the amount of Olsen's profits pursuant to 15 U.S.C. § 1117;

7. Requiring Olsen to account for and pay over to Gay 90's the costs of the action pursuant to 15 U.S.C. § 1117;

8. Finding this case is exceptional and trebling any damage award pursuant to 15 U.S.C. § 1117;

9. Finding this case exceptional and requiring Olsen to pay over to Gay 90's its attorneys' fees incurred in connection with this case pursuant to 15 U.S.C. § 1117;

10. Requiring Olsen to account for and pay over to Gay 90's the amount of Gay 90's damages, together with costs and disbursements, including costs of investigation and reasonable attorneys' fees pursuant to Minn. Stat. § 8.31 subd. 3a;

11. Requiring Olsen to pay Gay 90's pre-judgment interest, pursuant to Minn. Stat. §§ 549.09(b)-(c), accruing from November 6, 2015, the date of the written notice of the claim;

12. Requiring Olsen to pay Gay 90's post-judgment interest, pursuant to Minn. Stat. §§ 549.09(a), (c), from the date of entry of judgment until paid in full; and

13. Awarding Gay 90's such other relief as the Court may deem just and equitable.

Respectfully submitted,

CHESTNUT CAMBRONNE PA

Dated: December 17, 2015

By /s/ Natalie R. Walz
    Dennis B. Johnson (#0124564)
    Natalie R. Walz (#0349525)
    17 Washington Avenue North, Suite 300
    Minneapolis, MN 55401
    Telephone No. (612) 339-7300
    Email: djohnson@chestnutcambronne.com
           nwalz@chestnutcambronne.com

*Attorneys for Plaintiff 90's Minneapolis, LLC d/b/a Gay 90's*